

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

Honorable Robert H. Long
County Attorney
Comanche County
Comanche, Texas

OPINION NO. O-7003

Re: Operation of Pool Halls as
prohibited by Art. 4668
R.C.S. and Art. 653, P. C.

Dear Sir:

We have received your recent request for an opin-
ion, which is quoted as follows:

"An opinion from the Attorney General's Depart-
ment is respectfully requested as to the legality
of operating an American Legion club in which the
games of pool and billiards are to be played under
the two following possible plans.

"1. To organize a club with membership restrict-
ed to members of the AmericanLegion who desire to
join said club and contribute to its support. The
club would rent a building and hire an operator at
a fixed salary. There would be no charge for par-
ticipating in a game of pool or billiards but there
would be regular monthly dues for each member until
the cost of the equipment had been met. Thereafter
dues would not become due until the end of each
month and then dues would be assessed each member
only to the extent necessary to meet operating ex-
penses and the salary for the operator. Drinks and
refreshments would be sold at cost. No one would
be permitted to enter said club unless he possessed
a membership card. Members would not be permitted
to bring guests except members of his immediate fam-
ily.

Honorable Robert M. Long - Page 2

"2. A club organized similiarly to the above but with the exception that all equipment be paid for by the charter members before opening and thereafter dues paid at the end of the month based on operating expenses.

"The purpose behind the proposed club is to provide recreational facilities for returning veterans without violating Art. 653 of the Penal Code."

Article 4668, Revised Civil Statutes of Texas, 1925, entitled "Pool Halls", provides as follows:

"No person acting for himself or others shall maintain or operate a pool hall within this State. The term 'Pool Hall,' as used herein, includes any room, hall, building or part thereof, tent or enclosure of any kind similar to those named, or any inclosed open space, in which are exhibited for hire, revenue, fees or gain of any kind, or for advertising purposes of any kind, any pool or billiard table or stand or structure of any kind or character on which may be played pool or billiards, or any game similar to pool or billiards played with balls, cues or pins or any similar device. Any such table, stand or structure of any kind used or exhibited in connection with any place where goods, wares or merchandise or other things of value are sold or given away or where or upon which any money or thing of value is paid or exchanged shall be regarded as a place where is exhibited the same for hire, revenue or gain. The habitual, actual, or contemplated use of any premises, place, room, building or part thereof or tent, or any kind or character of enclosure similar to those named, or any uninclosed open space for the purpose of exhibiting any table, stand or structure of any kind described in this article may be enjoined at the suit of either the State or any citizen

Honorable Robert H. Long - Page 3

thereof. The Attorney General of this State, or
any district or county attorney, or any citizen
of any county in which any pool hall is maintained,
operated or contemplated may, either in term time
or vacation, apply to the district judge of the
district in which is located the place where such
pool hall is maintained, operated or contemplated,
or to any district judge in Travis County, for an
injunction to prohibit the maintenance and opera-
tion of any such pool hall. Such judge upon the
presentation of a petition for such injunction
shall issue a temporary injunction or restraining
order, and, if upon final hearing thereof the
fact be shown that the defendant is guilty of keep-
ing, maintaining, or operating a pool hall, or of
contemplating such act, the court before which the
case is tried shall grant a permanent injunction
against such party as prayed for in the petition.
Any person operating or contemplating the operation
of any pool hall in violation of any provision of
this article, or anyone aiding or abetting such per-
son may be made a party defendant in such suit.
Acts 1919, p. 18."

Article 653, Penal Code of Texas, 1925, entitled,
"Operating pool hall," provides as follows:

"Whoever shall operate or maintain a pool hall,
as that term is defined by the laws of this State,
shall be fined not less than twenty-five nor more
than one hundred dollars or be confined in jail not
less than one month nor more than one year. Each
day of such violation shall be a separate offense."

We believe the gravamen of the offense hereinbefore
defined is the exhibition of said pool or billiard apparatus
for hire, revenue or gain, or for advertising purposes of

any kind. See Gollehon v. Porter (Civ. App., error refused) 161 S. W. (2d) 134. The use of such apparatus in connection with any place where goods, wares or merchandise or other things of value are sold or given away or where or upon which any money or thing of value is paid or exchanged shall be regarded as a place where is exhibited the same for hire, revenue or gain.

Would not the "drinks and refreshments . . . sold at cost" in connection with the operation of the club, under either of your two plans enumerated herein, constitute a "place where goods, wares or merchandise or other things of value are sold or given away or where or upon which any money or thing of value is paid or exchanged?" We think so in view of the holdings in Countee v. State, 119 Cr. R. 131, 44 S. W. (2d) 994, and Walker v. State (Cr. App.) 44 S. W. (2d) 995.

Furthermore, "dues" paid by any person, member of a club or not, for the privilege of the use and maintenance of such pool or billiard apparatus constitutes the exhibition of same for hire, revenue or gain and, as such, is in violation of law.

In the light of numerous decisions of the courts of this State and Opinions of this Department which hold various and sundry systems and plans for the operation of pool and billiard tables by clubs such as here proposed to be unlawful, we will not elaborate further on this theme.

Let it be understood that we are not passing on the question whether an American Legion Post, acting as an organization, may legally maintain and operate pool and billiard tables for the use of its members, for that question is not before us. For your information, we are herewith enclosing Opinion No. O-792 which quotes a conference opinion of this office, dated March 31, 1920, wherein it was held a bona fide club may maintain and operate pool and billiard tables for the use of its members under certain conditions, and defines the term "bona fide club."

We are also enclosing herewith copy of Opinion No. O-4865.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Robert L. Lattimore

Robert L. Lattimore, Jr.
Assistant

APPROVED JAN 22 194_

FIRST ASSISTANT
ATTORNEY GENERAL

RLL:zd